UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-433 |
| v. | : | VIOLATION: 18 U.S.C. § 201(b)(1)(A) |
| | : | (Bribery of public officials) |
| CHARLES C. WIGGINS, | : | |
| Defendant. | : | |

FILED

JAN 0 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant CHARLES C. WIGGINS (hereinafter "WIGGINS"), with the concurrence of his attorney, Sidney S. Friedman, Esq., agree and stipulate to the following facts in connection with defendant WIGGINS's plea of guilty to a violation of 18 U.S.C. § 201(b)(1)(A) (Bribery of public officials).

At all relevant times, defendant WIGGINS operated a business known as Wiggins Telecommunications out of his home in _____. Wiggins Telecommunications was a computer company which installed and maintained computers.

At all relevant times, an individual known to WIGGINS (hereinafter "Individual #1") was employed as a business manager with the District of Columbia Public Schools (hereinafter "DCPS"). Individual #1 was responsible for buying goods and services for various elementary schools within the DCPS system.

At all relevant times, until December 31, 2002, a second individual known to WIGGINS (hereinafter "Individual #2"), was employed by DCPS as a principal of one of the elementary schools within the DCPS system. Part of Individual #2's responsibilities as a principal was to

manage the use of government-issued DCPS purchase cards and approve requests for the purchase of goods and services by Individual #1.

### The Bribery Scheme

At all relevant times, defendant CHARLES C. WIGGINS, through Wiggins Telecommunications, agreed, to perform computer installation services for DCPS.

At all relevant times, Individuals #1 and #2 were responsible, in their respective positions with DCPS, to approve work by WIGGINS and his companies, and to approve payments to him.

In or about the Fall of 2002, defendant WIGGINS, with the assistance of Individual #1, also created a shell company, Motts Sales and Services, through which WIGGINS fraudulently billed DCPS, at the instruction of Individual #1, for custodial and computer-related goods and services.

From in or about 2001 until in or about 2003, CHARLES C. WIGGINS received, through Wiggins Telecommunications, more than $300,000 from DCPS in exchange for computer related work that he performed for the DCPS system.

From in or about the Fall of 2002 until in or about Spring of 2003, WIGGINS received, through his shell company Motts Sales and Service, more than $60,000 for services and goods allegedly provided to DCPS.

During the time period set forth in the prior two paragraphs, defendant WIGGINS paid to Individuals #1 and #2 approximately $49,332.47 in return for maintaining WIGGINS' lucrative work arrangement with DCPS.

That is, defendant WIGGINS, directly and indirectly provided to Individual #1 things of value, as set forth below, for her personal use in return for Individual #1 agreeing to approve

2

DCPS work and payments to Wiggins Telecommunications and shell company Motts Sales and Services:

| APPROXIMATE DATE OF RECEIPT BY Individual #1 | THING OF VALUE |
|---|---|
| September 2001 – February 2003 | $17,340.47 cash |
| November 15, 2002 | $1,217.00 personal check |
| December 2, 2002 | $7,000.00 cashier's check |
| December 4, 2002 | $4,000.00 cashier's check |
| December 20, 2002 | $3,000.00 cashier's check |
| January 3, 2003 | $2,000.00 personal check |
| January 17, 2003 | $ 900.00 personal check |
| January 31, 2003 | $ 500.00 personal check |
| April 17, 003 | $1,217.00 personal check |
| May 13, 2003 | $1,158.00 personal check |

Moreover, defendant WIGGINS, directly and indirectly provided to Individual #2 things of value, as set forth below, for approving DCPS work and payments to Wiggins Telecommunications and shell company Motts Sales and Services:

| APPROXIMATE DATE OF RECEIPT BY Individual #2 | THING OF VALUE |
|---|---|
| December 20, 2002 | $5,000.00 cashier's check |
| December 23, 2002 | $4,000.00 cashier's check |
| January 2, 2003 | $2,000.00 personal check |

Between in or about 2001 and in or about 2003, in a continuing course of conduct, the exact dates being unknown, in the District of Columbia and elsewhere, defendant WIGGINS directly and indirectly did corruptly give and agree to give to public officials Individuals #1 and #2 something of value, that is, cash, cashier's checks, and personal checks, with the intent to influence Individuals #1 and #2 in their official acts, that is, preferential treatment in receiving opportunities to perform computer installation and services work for, and allegedly provide custodial goods to DCPS.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR #  #451058

BY: *Daniel P. Butler*
JULIEANNE HIMELSTEIN
D.C. Bar # 417136
DANIEL P. BUTLER
D.C. Bar # 417718
ASSISTANT U.S. ATTORNEYS
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-8203 and (202) 353-9431
Julieanne.Himelstein@USDOJ.Gov
Daniel.Butler@USDOJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, Sidney S. Friedman, I agree and stipulate to this Statement of the Offense.

Date: 1/4/06                    _____ 1/4/06
                                Charles C. Wiggins
                                Defendant

I have discussed this Statement of Offense with my client, Charles C. Wiggins. I concur with his decision to stipulate to this Statement of Offense.

Date: 1/4/06                    _____
                                Sidney S. Friedman, Esq.
                                Attorney for Defendant Charles C. Wiggins