

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

CR No. 05-433

November 11, 2005

**FILED**

SENT BY TELEAX AND U.S. MAIL

JAN 0 4 2006

Sidney S. Friedman, Esq.
Weinstock, Friedman & Friedman, P.A.
Executive Centre
4 Reservoir Circle
Baltimore, Maryland 21208

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    Charles C. Wiggins

Dear Mr. Friedman:

This letter sets forth the full and complete plea offer to your client, Mr. Charles C. Wiggins. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement is meant to supersede and take the place of a prior plea agreement letter in this matter dated March 16, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Wiggins agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 201(b)(1)(A) (payment of bribes to public officials). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Wiggins and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Wiggins agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Wiggins' actions and involvement in the scheme. During the Rule 11 plea hearing, Mr. Wiggins will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Mr. Wiggins understands that the maximum sentence that can be imposed is 15 years imprisonment, a fine of $ $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Wiggins understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2003) (hereinafter "Sentencing Guidelines" or "USSG"). Mr. Wiggins understands that this sentence, including the applicable Sentencing Guidelines range, will be determined solely by the Court, and the government cannot and does

not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Wiggins further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Wiggins's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Sentencing Guidelines Sections apply:

USSG § 2C1.1

| | |
|---|---|
| (a) Base Offense Level | 10 |
| (b) Specific Offense Characteristics | |
| (1) More than one bribe | 2 |
| (2)(A) Value of payment (More than $30,000) | 6 |
| (From table in USSG § 2B1.1(b)(1)(D)) | |

USSG § 3E1.1

| | |
|---|---|
| Acceptance of responsibility | -3 |
| TOTAL = | 15 |

The parties agree not to seek any adjustments or departures from the total offenses level set forth above, except as is discussed below. In the event that this plea offer is either not accepted by Mr. Wiggins or is accepted by Mr. Wiggins, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein. Your client specifically agrees: (a) that any arguments that he has a right to have a jury make the factual findings necessary to determine the level of sentencing adjustments, enhancements or departures used to compute his ultimate offense level and sentence are waived; (b) that such factual findings will be made by the Court; (c) that the Court may consider any reliable evidence, including hearsay; and (d) that all constitutional challenges to the validity of the Sentencing Guidelines are waived.

4. **Financial Arrangements:** Mr. Wiggins agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Wiggins also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation:** Mr. Wiggins agrees to cooperate completely, candidly, and truthfully in

2

the investigation by this Office. the FBI and the D.C. Office of the Inspector General. Specifically, Mr. Wiggins agrees:

> a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

> b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

> c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

> d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

> e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

> f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

> g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

> h. to submit to any polygraph examinations that the government might request; and,

> i. to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Wiggins's release pending sentencing, agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines. Section 3E1.1(b), agrees not to oppose Mr. Wiggins voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Wiggins continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other

provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Wiggins in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Wiggins does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Wiggins.

7. **Departure Committee:**  At the time of Mr. Wiggins' sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Wiggins to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mr. Wiggins to the United States. If the Departure Committee determines that Mr. Wiggins has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the Sentencing Guidelines. Mr. Wiggins understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Wiggins further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case. Mr. Wiggins understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

8. **Reservation of Allocution:**  The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Wiggins' criminal activities, subject to the provisions of the following paragraph.

9. The United States and Mr. Wiggins hereby agree that since Mr. Wiggins has agreed to cooperate with the United States, information provided by Mr. Wiggins shall not be held against him, except as follows (see Sentencing Guidelines Section 1B1.8):

      a.      information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Wiggins may be used directly and indirectly against Mr. Wiggins in any criminal proceeding;

      b.      in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made

4

by Mr. Wiggins as part of his cooperation may be used
directly and indirectly against him; and

c.    if there is a breach of this agreement by
Mr. Wiggins, as determined under the provisions of
this agreement. In the event of such a breach, as set forth in
paragraph 11, the United States retains the right to use any
information provided by Mr. Wiggins directly and indirectly
at any subsequent proceeding.

10. **Breach of Agreement:** If in this plea agreement the Government has agreed to
recommend or refrain from recommending to the sentencing judge a particular resolution of any
sentencing issue. the Government reserves the right to full allocution in any post-sentence
litigation in order to defend the sentencing judge's ultimate decision on such issues.

11. If Mr. Wiggins fails to make a complete, truthful, and candid disclosure of
information to federal law enforcement officers, government attorneys, and grand juries
conducting this investigation, or to the Court. and/or if he commits any further crimes. or
attempts to withdraw the plea, the United States will have the right to characterize such conduct
as a breach of this plea agreement. If during this investigation or prosecution Mr. Wiggins
should commit perjury, knowingly give any false statement, commit any act of contempt, or
obstruct justice, the United States may prosecute him for these offenses to the fullest extent
provided by law.  In the event of a breach. (a) the United States will be free from its obligations
under the agreement and may take whatever position it believes appropriate as to the sentence
and the conditions of Mr. Wiggins release (for example, should your client commit any conduct
after the date of this agreement that would form the basis for an increase in your client's offense
level or justify an upward departure – examples of which include but are not limited to,
obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending
sentencing, and false statements to law enforcement agents, the probation officer or Court – the
Government is free under this agreement to seek an increase in the offense level based on that
post-agreement conduct); (b) Mr. Wiggins will not have the right to withdraw the guilty plea;
(c) Mr. Wiggins shall be fully subject to criminal prosecution for any other crimes which he has
committed or might commit, if any, including perjury and obstruction of justice; and (d) the
United States will be free to use against Mr. Wiggins, directly and indirectly, in any criminal or
civil proceeding any of the information or materials provided by him pursuant to this cooperation
agreement. Mr. Wiggins waives any right to claim that evidence presented in such prosecution is
tainted by virtue of the statements he has made.

12. In the event of a dispute as to whether Mr. Wiggins has knowingly given materially
false, incomplete or misleading information in fulfilling the terms of his cooperation agreement
or whether Mr. Wiggins has knowingly committed any other material breach of this agreement,
and if the United States wants to exercise its rights under this agreement, and if Mr. Wiggins so
requests. the matter shall be submitted to the Court and shall be determined by the Court in an
appropriate proceeding at which Mr. Wiggins' disclosures and documents shall be admissible and

at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

13. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mr. Wiggins knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

14. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Wiggins shall be entitled to the presence, advice, and assistance of counsel, unless waived.

15. **USAO's Criminal Division Bound:** Mr. Wiggins understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Wiggins.

16. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Wiggins, Mr. Wiggins' counsel and an Assistant United States Attorney for the District of Columbia.

6

If the foregoing terms and conditions are satisfactory, Mr. Wiggins may indicate his assent by signing the agreement in the space indicated below and returning the original to us once it has been signed by Mr. Wiggins and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

JULIEANNE HIMELSTEIN
DANIEL P. BUTLER
ASSISTANT U.S. ATTORNEYS

I have read this plea agreement and have discussed it with my attorney, Sidney S. Friedman, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/4/06

Charles C. Wiggins
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, Charles C. Wiggins, and discussed the provisions of the agreement with my client, fully.

These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _1/4/06_

_____
Sidney S. Friedman, Esquire
Attorney for Defendant Charles C. Wiggins

8